IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REZA GANJAVI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 4189 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| JEREMY C. SMITH, CINDY SMITH, TODD ) | |
| TIPTON, WILLIAM D. JENNINGS, DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Reza Ganjavi filed a sixteen-count third amended complaint against defendants Jeremy Smith ("Jeremy"), Cindy Smith ("Cindy"), Todd Tipton ("Tipton"), William D. Jennings ("Jennings"), and Does 1-3 alleging: (1) violation of attribution and integrity rights, under the Copyright Act 17 U.S.C. §106A; (2) false presentation in violation of the Anti-Cybersquatting Consumer Protection Act, under the Lanham Act 15 U.S.C. §1125; (3) invasion of privacy: false light; (4) libel per se; (5) libel; (6) invasion of privacy: appropriation of name or likeness; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) intentional interference with prospective economic advantage; (10) common law unfair competition; (11) unfair competition, under the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") 815 ILCS § 505/1 et seq.; (12) infringement of common law copyright; (13) intentional misrepresentation; (14) negligent misrepresentation; (15) trade libel; and (16) civil conspiracy. Defendant Jeremy has moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants Tipton and Jennings have moved for to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Defendant

Cindy has moved for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, Jeremy's motion is granted. Because this court finds that it lacks subject matter jurisdiction the entire case is dismissed.

**FACTS**

According to the complaint, plaintiff is a musician and record producer in the genre of classical guitar. Allegedly, during the period from at least 2004 to at least 2006, defendants collectively, using their own names and/or aliases and/or plaintiff's forged identity, attacked plaintiff and his business individually and collaboratively by posting on Usenet's rec.music.classical.guitar newsgroup—an online forum that allows members to post their comments about certain topics on their own as well as in response to others—and by creating their own websites that allegedly "mocked" plaintiff's website. Plaintiff alleges sixteen different claims against all defendants, including civil conspiracy. According to the complaint, all defendants attempted to "assassinate" plaintiff's character in the classical guitar world.

Defendant Jeremy is a citizen of Illinois and is married to Cindy Smith, also a defendant in this action. Jeremy is an accountant, musician, and guitar teacher. According to the complaint, Jeremy set up forged websites and explicitly stated that he was plaintiff and committed a number of violations such as directing racial slurs at African-Americans, uttering ethnic slurs, showing sympathy for terrorism, portraying plaintiff as a homosexual and pedophile, and insulting other members of the classical guitar profession.

Defendant Jennings is a musician and a citizen of Texas. Jennings allegedly cooperated with Jeremy in authoring the fraudulent messages. In the messages plaintiff was portrayed as insulting himself and disparaging his own products. Jennings also "falsely discarded and

quashed writings" that were actually written by plaintiff, altered racial and ethnic slurs, associated plaintiff with terrorism, and referred to plaintiff as a homosexual and pedophile.

Defendant Tipton is a musician, a performer, and a guitar teacher. He is a citizen of Minnesota. According to the complaint, Tipton published messages on Usenet in which he presented writings that he fraudulently attributed to plaintiff. In these messages he allegedly made false statements about plaintiff. He then subsequently replied to the texts that he fraudulently attributed to plaintiff and "bullied" plaintiff. Further, Jeremy and Tipton, with the assistance of Jennings and Cindy, allegedly set up and published mock websites resembling plaintiff's registered website in name, design, and content, but included "highly embarrassing content."

Cindy, who is married and lives with defendant Jeremy, is a citizen of Illinois. Cindy registered for a Usenet account, and according to the exhibits attached to her brief, made sixteen posts to Usenet, none of which concern plaintiff. There are two computers in the Smith household, each using a different operating system. Cindy has access to both computers, as does Jeremy. Plaintiff claims that Cindy co-authored a posting about plaintiff with her husband because it was signed "Jeremy and Cindy Smith." According to Jeremy's affidavit, however, he signed Cindy's name without her knowledge. Additionally, according to Cindy's affidavit, attached to her brief, she has not interacted with Reza Ganjavi, either directly or indirectly, and she was completely unaware of his existence until he filed a previous complaint against her husband in the Central District of California. Her affidavit also states that she was not involved in any internet activities of her husband.

3

Plaintiff originally brought a similar complaint against defendants Jeremy, Tipton, and Jennings, as well as a few others, in the Central District of California. The case was dismissed for lack of personal jurisdiction over Jeremy, Tipton, and Jennings. Plaintiff did not contest defendant Tipton's and Jennings's dismissal for lack of personal jurisdiction. Plaintiff did contest Jeremy's motion to dismiss for lack of personal jurisdiction, however, the judge granted the motion.

Plaintiff claims damages for his physical and emotional pain as well as for adverse effects to his reputation professionally and personally. According to the complaint, "plaintiff has suffered tremendous damage at all levels, physically, morally, emotionally, psychologically, and materially, both in terms of actual and opportunity costs." Plaintiff alleges diversity jurisdiction under 28 U.S.C. § 1332 because he claims the amount in controversy, including compensatory and punitive damages, is over $75,000. Plaintiff also claims that there is federal question jurisdiction based upon 17 U.S.C. § 106A(a) and 15 U.S.C. § 1125.

## DISCUSSION

**Defendant Jeremy's motion to dismiss**

Defendant Jeremy has moved this court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff bases subject matter jurisdiction on diversity of citizenship as well as federal question. Defendant Jeremy Challenges plaintiff's federal question claims under a Fed. R. Civ. P. 12(b)(6) motion. He contends that the two counts that are based on federal question jurisdiction are so frivolous that they cannot support such jurisdiction. He then attacks plaintiff's assertion of diversity of citizenship jurisdiction because there is not $75,000 in controversy.

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955, 1964 (2007)). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S. Ct. at 1964-65.

Plaintiff asserts federal question jurisdiction under two different federal statutes. The first count purports to state a claim under the Copyright Act, 17 U.S.C. § 106(A)(a), which provides:

> Rights of attribution and integrity—subject to section 107 and independent of exclusive rights provided in section 106, the author of a work of visual art (1) shall have the right (A) to claim authorship of that work, and (B) to prevent the use of his or her name as the author of any work of visual art which he or she did not create; (2) shall have the right to prevent the use of his or her name as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation…

Plaintiff alleges that defendants, including Jeremy, published a website that closely resembled plaintiff's website. Section 106(A) applies to works of visual art, which are defined in 17 U.S.C. §101. Section 101 specifically excludes any electronic publication, including a website. Thus, it is obvious that plaintiff has no claim under § 106(A). He has essentially conceded this by failing to respond to Jeremy's motion. Accordingly, the court concludes that count one is "wholly insubstantial and frivolous," fails to state a claim and cannot support

5

federal question jurisdiction. See Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998).

In count two, plaintiff asserts federal question jurisdiction under the Lanham Act, 15 U.S.C. § 1125, which provides:

> (d) Cyberpiracy prevention
> (1)(A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person (i) <u>has a bad faith intent to profit from that mark</u>, including a personal name which is protected as a mark under this section; <u>and</u> (ii) registers, traffics in, or uses a domain name that (I) in the case of a mark that is distinctive at the time of the registration of the domain name, is identical or confusingly similar to that mark; (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or (III) is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36 (Emphasis added.)

Defendant Jeremy argues that count two, under 15 U.S.C. §1125, should be dismissed because he did not "register, traffic in, or use" any domain names that were identical or confusingly similar to any trademarks of plaintiff's. The complaint, however, alleges that defendants set up and published mock websites strongly resembling plaintiff's registered websites in name, design, and content. Jeremy's denial of the allegations cannot support a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Gibson, 910 F.2d at 1520.

Count two is nonetheless deficient, however, because a threshold requirement of §1125 is that the defendant must have had "a bad faith intent to profit from the use of the plaintiff's mark." 15 U.S.C. § 1125 (d)(1)(A)(i). The complaint contains no allegation that Jeremy or any of the defendants attempted to or had an intent to profit from the alleged mark. Indeed, any such allegation would be inconsistent with plaintiff's theory that Jeremy created a website in order to

6

disparage or "mock" plaintiff, not to profit in any way. Plaintiff's asserted claim under count two is "wholly insubstantial and frivolous." See Steel, 523 U.S. at 89. Because plaintiff cannot state a claim under § 1125, count two is dismissed.

Having successfully challenged the two counts upon which federal question could be based, Jeremy also challenges plaintiff's assertion that the court's diversity jurisdiction is proper under 28 U.S.C. § 1332. There is no question that there is complete diversity in the instant case. Jeremy challenges plaintiff's assertion that the amount in controversy exceeds $75,000.

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the court is not required to accept the truth of a pleadings' allegations, but may look beyond the pleading to evidence that implicates the court's jurisdiction. Kohler Co. v. Albright, 2003 WL 22697213 at *1 (2003 N.D. Ind.) (citing Bastien v. AT & T Wireless Serv., Inc., 205 F.3d 983, 990 (7th Cir. 2000); Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n, 149 F.3d 679, 685 (7th Cir. 1998)). "Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule." NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995). When the defendant challenges the court's jurisdiction as a factual matter, as in the instant case, "the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by competent proof." Kohler at * 2 (citing NLFC, Inc., 45 F.3d at 237).

A proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). Once the facts have been established, uncertainty

about whether the plaintiff can claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold does not justify dismissal. Id. (citing Johnson v. Wattenbarger, 361 F.3d 991 (7th Cir. 2004)).

According to the complaint, "plaintiff has suffered tremendous damage at all levels, physically, morally, emotionally, psychologically, and materially, both in terms of actual and opportunity costs." These general allegations of damages, however, are unsupported by any facts or evidence of specific injury. Indeed, plaintiff alleges moral damages which are not likely recoverable under Illinois law. See e.g. Jimenez v. American Airlines, Inc., 579 F. Supp. 631 (D.C. P. R. 1983).

In response to Jeremy's motion, plaintiff has failed to offer any evidence of any injury as a result of defendant's alleged actions. He simply repeats the statement in his complaint that the damages amount will be determined at the time of trial. This is insufficient. Plaintiff is required to offer evidence that would prove the jurisdictional facts of injury by a preponderance of the evidence. This is not necessarily a heavy burden to bear. A simple affidavit outlining his specific injuries could have been sufficient. Because plaintiff has failed to supply any evidence of injury, he has failed to meet his burden to support his claim of the jurisdictional amount.

Instead of submitting facts to support the amount in controversy plaintiff makes a last effort to establish the proper amount in controversy by asserting that he may be awarded punitive damages or attorney's fees. Both attempts, however, consist of general assertions of damages and are as equally insufficient as the claims for general damages. Although, "[p]unitive damages are properly considered in determining whether the jurisdictional minimum [is] alleged," plaintiff must offer evidence that would support such an award. Losss v. Blankenship, 673 F.2d 942, 951

(7th Cir. 1982); Bell v. Preferred Life Assur. Soc., 320 U.S. 238, 240 (1943). Plaintiff has failed, however, to provide any evidence to demonstrate compensatory damages sufficient to support any amount of punitive damages. Essentially, because plaintiff has failed to prove any actual damage, he is asking for is a 75,000 to 1 ratio between actual damages and punitive damages, which would be highly excessive. See BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996). (A two million dollar punitive damage award violates due process because it is grossly excessive when compared to the state's interest and a four thousand dollar compensatory award.)

Additionally, according to the American rule each party is assumed to bear the burden of his own attorney's fees. Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 127 S.Ct. 1199, 1203 (2007). This default rule can be overcome by a fee shifting statute. Id. Plaintiff attempts to rely on the federal statutes from counts one and two to demonstrate that he may be awarded attorney's fees. This court, however, has already ruled that plaintiff has failed to state a claim under either of the two statutes and dismissed both counts. The only other statute that plaintiff alleges defendant violated is unfair competition under the Illinois Consumer Fraud and Deception Practices Act. 815 ILCS § 505/1 et seq. Although attorney's fees may be awarded under the statute they are discretionary. Further, post-filing attorney's fees cannot count toward the amount in controversy requirement because federal jurisdiction exists, if at all at the time of filing. Smith v. American General Life and Accident Ins. Co., Inc., 337 F.3d 888, 896-897, (7th Cir. 2003) (citing Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998)). The fees plaintiff is relying on would be incurred to prosecute this litigation and, therefore, did not exist at the time the claim was filed. Plaintiff has failed to submit any further facts to support his contention that attorney's fees can be included in the amount in controversy.

Plaintiff has failed to carry his burden to present a factual basis for his assertion that the amount in controversy exceeds $75,000. Accordingly, the court concludes that jurisdiction under 28 U.S.C. § 1332 is lacking.

## CONCLUSION

For the reasons set forth above, the court lacks both federal question and diversity jurisdiction. Defendant Jeremy Smith's motion to dismiss for lack of subject matter jurisdiction is granted. Because the ruling affects the entire case, the entire complaint is dismissed.

**ENTER:** **July 31, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**